UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOE ANGELO REYNOLDS,

    Petitioner,

Case No. 19-cv-11428

v.

Hon. Matthew F. Leitman

MARK MCCULLICK,

    Respondent.

_____/

**ORDER (1) DENYING PETITION FOR A WRIT OF HABEAS CORPUS (ECF No. 1), (2) DENYING A CERTIFICATE OF APPEALABILITY, AND (3) GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Joe Angelo Reynolds is a state inmate in the custody of the Michigan Department of Corrections. In 2016, Reynolds pleaded no contest to the charges of armed robbery, MICH. COMP. LAWS § 750.529, and second-degree fleeing and eluding police, MICH. COMP. LAWS § 750.479a, in the Oakland County Circuit Court. The state trial court then sentenced Reynolds as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent terms of 10 ½ years to 30 years imprisonment.

On May 15, 2019, Reynolds filed a *pro se* petition for a writ of habeas corpus in this Court pursuant to 28 U.S.C. § 2254. (*See* Pet., ECF No. 1.) In the petition,

Reynolds raises claims concerning the validity of his sentence and the effectiveness of his trial counsel at sentencing. (*See id.*)

The Court has carefully reviewed Reynolds' claims, and for the reasons explained below, the Court concludes that Reynolds is not entitled to habeas relief on any of his claims. The Court therefore **DENIES** his petition. The Court also **DENIES** Reynolds a Certificate of Appealability, but it **GRANTS** him leave to appeal *in forma pauperis*.

# I

Reynolds' convictions arise from a shoplifting incident at a Burlington Coat Factory in Auburn Hills, Michigan. On August 3, 2016, Reynolds pleaded no contest in the Oakland County Circuit Court to the charges of armed robbery and second-degree fleeing and eluding police. (*See* 8/3/16 Phea Hr'g Tr., ECF No. 8-8, PageID.166-167.) Reynolds also pleaded guilty to being a fourth habitual offender. (*See id.*) During the plea hearing, the parties agreed that the state trial court could use the transcript of Reynolds' preliminary examination to establish the factual basis for his plea. (*See id.*, PageID.169-171.) At the preliminary examination, a loss prevention officer from Burlington Coat Factory testified that Reynolds (1) took items from the store and (2) pointed a gun at the officer and his partner as he (Reynolds) was fleeing the store. (*See id.*, PageID.170.) In addition, a police officer

2

described a car chase involving Reynolds that followed the shoplifting incident. (*See id.*, PageID.169-170.) As part of Reynolds' plea bargain, the parties agreed that Reynolds' minimum sentence would be at the bottom of the guidelines and concurrent to his sentence in another armed robbery case. (*See id.*, PageID.166-167.)

The parties appeared before the state trial court for sentencing on August 25, 2016. (*See* 8/25/16 Sent. Tr., ECF No. 8-9.) At the beginning of the sentencing hearing, the prosecutor told the court that he (the prosecutor) believed that Reynolds did not actually have a gun during Reynolds' encounter with the Burlington Coat Factory loss prevention officer, and the prosecutor recommended that the court change the scoring of one of the sentencing guidelines provisions to reflect his belief that Reynolds was not armed. (*See id.*, PageID.176-177.) The trial court then made the requested change. (*See id.*, PageID.177.) The court then sentenced Reynolds to concurrent terms of 10½ to 30 years imprisonment on his convictions. (*See id.*, PageID.178.) Consistent with Reynolds' plea, that sentence fell at the low end of his sentencing guidelines range. Also consistent with Reynolds' plea, the state trial court ordered that the sentence run "concurrent to [Reynolds'] sentence in [a] prior case that [Reynolds was] currently serving." (*Id.*)

After sentencing, Reynolds filed a delayed application for leave to appeal with the Michigan Court of Appeals. (*See* Mich. Ct. App. Application, ECF No. 8-10,

3

PageID.182-196.) In the application, Reynolds argued that he was entitled to re-sentencing because (1) the state trial court incorrectly scored two provisions of the Michigan Sentencing Guidelines (offense variables 9 and 19) at sentencing and (2) his trial counsel was constitutionally ineffective when counsel failed to object to the incorrectly scored variables. (*See id.*, PageID.183.) The Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. (*See id.*, PageID. 181.) Reynolds then filed an application for leave to appeal with the Michigan Supreme Court. (*See* Mich. Sup. Ct. Application, ECF No. 8-11, PageID.215-223.) That court denied the application in a standard order. *See People v. Reynolds*, 903 N.W.2d 586 (Mich. 2017).

On May 15, 2019, Reynolds, proceeding *pro se*, filed his federal habeas petition in this Court. (*See* Pet., ECF No. 1.) In the petition, Reynolds raises the same two claims that he raised in the Michigan state appellate courts:

> Mr. Reynolds is entitled to re-sentencing because OV 9 and OV 19 were scored incorrectly and trial counsel was constitutionally ineffective in failing to object at sentencing.

(Pet., ECF No. 1, PageID.5.)

On November 20, 2019, Respondent filed an answer opposing habeas relief. (*See* Ans., ECF No. 7.) Reynolds then filed a reply in further support of his petition.

4

(*See* Reply, ECF No. 9.) The Court has carefully reviewed the parties' filings and the record, and it is now prepared to rule on the petition.

## II

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires federal courts to uphold state court adjudications on the merits unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

## III

### A

Reynolds first asserts that he is entitled to habeas relief because the state trial court incorrectly scored two provisions of the Michigan Sentencing Guidelines when it sentenced him. More specifically, he claims that the state court erroneously scored Offense Variable 9 ("OV 9") and Offense Variable 19 ("OV 19").

This claim is not cognizable on habeas review because such review is limited to federal constitutional claims, and a claim that state sentencing guidelines were erroneously scored is a state law claim. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law"). Thus, the Sixth Circuit and this Court have repeatedly held that habeas relief is not available for an alleged error in scoring state sentencing guidelines. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007) (affirming holding that "challenges to [a state] trial court's application of Michigan's sentencing guidelines [raised] issues of state law not cognizable on habeas review"); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only"); *McGee v. Brewer*, 2022 WL 2292877, at *5 (E.D. Mich. June 24, 2022) (holding that a "challenge[ to] the state trial court's scoring of the sentencing guidelines" was "not cognizable in a federal habeas proceeding").

**B**

In addition to directly challenging the scoring of the sentencing guidelines, Reynolds claims that his trial counsel was ineffective for failing to object to the

inaccurate scoring. That claim is cognizable in these proceedings. But Reynolds is not entitled to relief on that claim.[1]

**1**

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-prong test for determining whether a habeas petitioner has been denied the effective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *See Strickland*, 466 U.S. at 687. Second, a petitioner must establish that counsel's deficient performance prejudiced the defense. In order to establish prejudice, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial

---

[1] As explained above, the Michigan Court of Appeals denied this claim "for lack of merit in the grounds presented." (ECF No. 8-10, PageID.181.) Such a ruling "is an adjudication on the merits subject to AEDPA." *Pirkel v. Burton*, 970 F.3d 684, 692 n. 1 (6th Cir. 2020) (citing *Werth v. Bell*, 692 F.3d 486, 491, 494 (6th Cir. 2012)).

process that the [proceeding] cannot be relied on as having produced a just result." *Id.* at 686.

Where, as here, a state court has denied an ineffective assistance of counsel claim on the merits, this Court's review of that decision is especially deferential. As the Supreme Court has explained, "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*.

2

Reynolds has failed to show that he is entitled to relief on his ineffective assistance claim under the highly deferential standard of review that applies here.

a

The Court turns first to Reynolds' claim that his trial counsel was ineffective for withholding an objection to the scoring of OV 19. At sentencing, the trial court assessed 15 points under OV 19. (*See* Sentencing Information Rpt., ECF No. 18, PageID.282.) That offense variable is properly scored at 15 points when "the offender used force or the threat of force against another person…to interfere with,

attempt to interfere with, or that results in the interference with the administration of justice…." MICH. COMP. LAWS § 777.49.

The state court of appeals could reasonably have determined that the scoring of 15 points for OV 19 was proper and that counsel thus did not perform deficiently by withholding an objection to the assessment of 15 points for that offense variable. As noted above, Reynolds agreed that the preliminary examination transcript would form the basis for his no contest plea. (*See* 8/3/16 Plea Hr'g Tr., ECF No. 8-8, PageID.169-170.) During the preliminary examination, a loss prevention officer from Burlington Coat Factory testified that Reynolds pointed a gun at him and his partner while he (the loss prevention officer) was investigating Reynolds for suspected shoplifting. (*See id.*, PageID.170.) The state court of appeals could reasonably have determined that (1) the loss prevention officer's testimony established (at a minimum) a threat of force that interfered with the administration of justice,[2] (2) any objection to the scoring of 15 points for OV 19 would therefore have been futile, and (3) trial counsel did not perform deficiently by withholding a futile objection. *See, e.g., Coley v. Bagley*, 706 F.3d 741, 752 (6th Cir. 2014) ("Omitting meritless arguments is neither professionally unreasonable nor

---

[2] A threat against a loss prevention officer may qualify as an act that interferes with the administration of justice under OV 19. *See People v. Passage*, 743 N.W.2d 746, 750 (Mich. App. 2007).

prejudicial."); *United States v. Steverson*, 230 F.3d 221, 225 (6th Cir. 2000) (rejecting ineffective assistance claim and holding that because "any objection […] would have failed, [ ] trial counsel's failure to object […] was not deficient"). Reynolds is therefore not entitled to relief on his claim that his trial counsel was ineffective for failing to object to the scoring of OV 19.

Reynolds offers two counterarguments, but neither are persuasive. First, he highlights that at sentencing the prosecutor told the court that he (the prosecutor) did not believe that Reynolds actually had a gun during Reynolds' interaction with the loss prevention officer. Reynolds contends that in light of that statement by the prosecutor, his trial counsel should have objected to the scoring of OV 19. However, notwithstanding this statement by the prosecutor, the state appellate court could reasonably have rejected Reynolds' claim of ineffective assistance of counsel. That court could reasonably have concluded that even if Reynolds did not have an actual gun, Reynolds nonetheless implied that he had a gun and threatened to use force against the loss prevention officer. And if the court so found, it then could reasonably have concluded that the scoring of 15 points OV 19 was appropriate. Moreover, the state appellate court did not have to accept the prosecution's view of the facts. Once again, at the preliminary examination, the loss prevention officer testified that Reynolds actually pointed a gun at him. The state court could

reasonably have concluded that in light of that testimony – which Reynolds agreed could form the factual basis for his no contest plea – any objection to the scoring of 15 points for OV 19 would have been futile.

Second, Reynolds seems to argue that the state appellate court's rejection of his ineffective assistance claim related to the scoring of OV 19 cannot be reconciled with the fact that he pleaded no contest. More specifically, he appears to argue that since he pleaded no contest, rather than guilty, he did not admit any facts, and therefore it was error for the state appellate court to conclude that (1) the record supported the scoring of 15 points for OV 19 and (2) counsel reasonably withheld an objection to that scoring. The Court disagrees. Even though Reynolds pleaded no contest, he agreed (as noted above) that the preliminary examination testimony would form the factual basis for his plea. Given that agreement, the state court did not act unreasonably when it concluded that facts presented at the preliminary examination could be used for sentencing purposes. *See United States v. Kappell*, 418 F.3d 550, 560-61 (6th Cir. 2005) (looking to facts that formed basis of state-court no contest plea when determining federal sentence).

For all of these reasons, Reynolds is not entitled to habeas relief on his claim that counsel was ineffective for failing to object to the scoring of 15 points for OV 19.

**b**

The Court next turns to Reynolds' claim that his trial counsel was ineffective for failing to object to the scoring of OV 9. At sentencing, the trial court assessed 10 points under OV 9. (*See* Sentencing Information Rpt., ECF No. 18, PageID.282.) OV 9 is properly scored at 10 points when there are "2 to 9 victims who were placed in danger of physical injury or death…." MICH. COMP. LAWS § 777.39(1)(c).

Reynolds claims that his trial counsel was ineffective for failing to object to the scoring of 10 points under OV 9 because the prosecution expressed its view at sentencing that Reynolds did not actually point a gun at the loss prevention officers, and therefore there were no victims who were placed in danger of physical injury or death. And Reynolds says that under these circumstances, the state appellate court unreasonably rejected his claim of ineffective assistance of counsel related to OV 9. The Court disagrees.

First, the state court reasonably could have concluded that notwithstanding the prosecution's statement, an objection to the scoring of 10 points for OV 9 would have been futile. As explained above, the state court was not obligated to defer to the prosecution's position with respect to whether Reynolds actually had a gun. That court was free to credit the loss prevention officer's testimony that Reynolds did have a gun and that Reynolds pointed that gun at him and his partner. And that

12

testimony would have been sufficient to support the scoring of 10 points for OV 9. Because the state court reasonably could have concluded that OV 9 was properly scored, the court reasonably could have further concluded that any objection to the scoring of that offense variable would have been futile and that counsel was therefore not ineffective for withholding that objection. *See*, *e.g.*, *Coley*, *supra*.

Second, even if the scoring of 10 points for OV 9 was erroneous, Reynolds still would not be entitled to relief on his ineffective assistance of counsel claim related to that scoring error because he has not shown that he was prejudiced by the error. More specifically, he has not demonstrated that the subtraction of 10 points from his offense variable score would have changed his sentencing guidelines range or in any way impacted the minimum sentence to which he was exposed under the guidelines. Indeed, he has not even attempted to make such a showing. And it was his burden to do so. Since Reynolds has not shown that the purportedly-incorrect scoring of OV 9 would have changed his guidelines range, he has not carried his burden on the prejudice prong of his ineffective assistance claim related to the offense variable. *See Bowie v. Renico,* 2002 WL 31749162, at *11 (E.D. Mich. Nov. 6, 2002) (holding the habeas petitioner failed to show prejudice – and thus was not entitled to relief on claim that counsel was ineffective for failing to object to guidelines scoring error – where petitioner failed to show that correcting error would

have changed guidelines range). Accordingly, Reynolds is not entitled to habeas relief on that claim.

## C

Finally, Reynolds also seems to assert that he is entitled to habeas relief because the state trial court violated his Sixth Amendment rights by relying upon facts neither admitted by him nor proven beyond a reasonable doubt in imposing his sentence. Reynolds is not entitled to relief on this claim.

This claim arises from the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004); and *Alleyne v. United States*, 570 U.S. 99 (2013). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490. In *Blakely*, the Supreme Court clarified "that the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 542 U.S. at 303. And in *Alleyne*, the Supreme Court extended *Apprendi* to mandatory minimum sentences, ruling that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven

14

beyond a reasonable doubt. *Alleyne*, 570 U.S. at 111-12.

In *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), the Michigan Supreme Court held that, under *Alleyne*, Michigan's then-mandatory sentencing guidelines violated the Sixth Amendment because the guidelines "*require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables that *mandatorily* increase the floor of the guidelines minimum sentence range." *Lockridge*, 870 N.W.2d at 506 (emphasis in original). The court's remedy was to make the guidelines advisory only. *See id.* at 520-21.

In this case, Reynolds was sentenced on August 25, 2016, well after *Lockridge* was decided in July 2015. At that point, the Michigan sentencing guidelines were advisory, not mandatory. Purely advisory applications of the guidelines do not run afoul of the Sixth Amendment. *See Booker*, 543 U.S. at 232 ("If the Guidelines as currently written could be read as merely advisory provisions that recommended, rather than required, the selection of particular sentences in response to differing sets of facts, their use would not implicate the Sixth Amendment. We have never doubted the authority of a judge to exercise broad discretion in imposing a sentence within a statutory range."). Thus, Reynolds is not entitled to his claim for relief based upon his argument that he was sentenced in violation of the Sixth Amendment. See *Banks v. Parish*, 2021 WL 266621, at ** 6-7 (W.D. Mich. Jan. 27, 2021)

(denying habeas relief on similar claim because the petitioner was sentenced after *Lockridge* was decided); *Jakubowski v. Chapman*, 2021 WL 253878, at *5 (E.D. Mich. Jan. 26, 2021) (same).

## IV

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless the Court issues a certificate of appealability under 28 U.S.C. § 2253. A court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court **DENIES** Reynolds a certificate of appealability because jurists of reason could not debate the Court's conclusion that he has failed to demonstrate an entitlement to habeas relief on any of his claims.

Although the Court declines to issue Reynolds a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* on appeal is not as strict as the standard for certificates of appealability. *See Foster v. Ludwick*, 208 F.Supp.2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability requires a substantial showing of the denial of a constitutional right, a

16

court may grant *in forma pauperis* status on appeal if it finds that an appeal is being taken in good faith. *See id*. at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R. App. 24 (a). Although jurists of reason would not debate this Court's resolution of Reynolds' claims, an appeal could be taken in good faith. Therefore, Reynolds may proceed *in forma pauperis* on appeal.

## V

Accordingly, for all the reasons stated above, **IT IS HEREBY ORDERED** that (1) Reynolds' petition for a writ of habeas corpus (ECF No. 1) is **DENIED WITH PREJUDICE**, (2) Reynolds is **DENIED** a certificate of appealability, and (3) Reynolds is **GRANTED** permission to appeal *in forma pauperis*.

Dated: September 30, 2022

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 30, 2022, by electronic means and/or ordinary mail.

s/D. Tofil for Holly Ryan
Case Manager